IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| ASHER DUBIN<br>409 S. 10th Street<br>Philadelphia, PA 19147 | :<br>:<br>: | NO.: _____<br><br>JURY TRIAL DEMANDED |
| Plaintiff, | :<br>: | |
| v. | :<br>: | |
| SUSIE Q 16, INC. D/B/A PHILIP'S STEAKS<br>2234 Passyunk Avenue<br>Philadelphia, PA 19145 | :<br>:<br>: | |
| Defendant. | :<br>: | |

---

## COLLECTIVE AND CLASS ACTION COMPLAINT – CIVIL ACTION

Plaintiff, Asher Dubin ("Plaintiff"), individually and on behalf of all other similarly situated employees of Defendant Susie Q 16, Inc. d/b/a Philip's Steaks ("Defendant"), by and through his undersigned attorneys, brings this Collective and Class Action Complaint against Defendant and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this Complaint on behalf of himself and others similarly situated contending that Defendant has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq*, and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, et seq. by improperly withholding tips.

2. Plaintiff further brings an individual claim contending that Defendant violated the FLSA by discriminating against and ultimately terminating him in retaliation for engaging in protected activity under the FLSA.

1

3. Specifically, Plaintiff contends that Defendant terminated him shortly after he made an internal complaint regarding Defendant's improper withholding of tips from Plaintiff.

4. Plaintiff brings this action under the FLSA, PMWA, and WPCL for monetary damages to seek redress for Defendant's willful, unlawful, and improper conduct.

## **JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

6. This action is authorized and initiated pursuant to the FLSA.

7. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

9. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## **PARTIES**

10. "Class Plaintiffs" are individuals named above and those who file "opt-in" consent forms with the Court.

11. Plaintiff is a citizen of the United States and Pennsylvania, and currently maintains a residence at 409 S. 10th Street, Philadelphia, PA 19147.

12. Upon information and belief, Defendant is a for-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a headquarters and principal place of business at 2234 Passyunk Avenue Philadelphia, PA 19145.

13. Defendant is an employer as defined by the FLSA, PMWA, and WPCL.

14. Plaintiff was an employee who was employed by Defendant during all times relevant hereto and, as such, is an employee entitled to the protections of the FLSA, PMWA, and WPCL.

15. At all times relevant hereto, Defendant acted or failed to act through its agents, servants and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff incorporates the preceding paragraphs as though the same were fully set forth at length herein.

17. This action is brought as a collective action to recover unpaid and unlawfully withheld tips, liquidated damages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

18. Pursuant to 29 U.S.C. 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Cook or in positions with similar job duties who were subject to Defendant's unlawful pay practices and policies described herein and who worked for Defendant at any point in the three (3) years preceding the date the instant action was initiated (the members of the putative class are herein after referred to as the "Class Plaintiffs").

19. Upon information and belief, Plaintiff estimates there are at least fifteen (15) other

employees who either were or are working for Defendant and were subjected to Defendant's unlawful pay practices. The precise number of employees can be easily ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. Potential Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publications.

## **CLASS ACTION ALLEGATIONS**

20. Plaintiff incorporates the preceding paragraphs as though the same were fully set forth at length herein.

21. Plaintiff brings this action individually, and on behalf of all the other similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure, who were employed by Defendant in the position of Cook or in a position with the same or substantially similar job duties as a tipped employee in the Commonwealth of Pennsylvania during the last three (3) years and who were subjected to Defendant's unlawful pay practices.

22. The class is so numerous that joinder of all members is impracticable. Class members may be informed of the pendency of this Class Action by direct mail.

23. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including but not limited to:

   a. Whether Defendant withheld tips which rightfully should have been provided to Plaintiff and Class Members in violation of the FLSA, PWMA, and WPCL;

   b. Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount.

24. Plaintiff's claims are typical of the claims of the Class members. Plaintiff is a former

employee of Defendant who was employed in the position of Cook who has suffered similar injuries as those suffered by the Class members as a result of Defendant's unlawful pay practices which violated the FLSA, PMWA, and WPCL. Defendant's conduct of violating the aforementioned statutes affected Plaintiff and the Class in the exact same way.

25. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

26. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

27. Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

   a. The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

   b. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

   c. The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to the consideration of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

28. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTUAL ALLEGATIONS

29. Plaintiff incorporates the preceding paragraphs as though the same were fully set forth at length herein.

30. Plaintiff began his employment with Defendant in or around 2020, when he was hired as a Cook.

31. In addition to its primary location at 2234 W Passyunk Ave Philadelphia, PA 19145, Defendant also operates as a vendor at Lincoln Financial Field during events such as football games and concerts.

32. During these events, Defendant offers its customers the option to leave tips on purchases through touch-screens.

33. By way of example, on June 8, 2024, and June 11, 2024, Defendant operated a stand at Lincoln Financial Field during concerts performed by the artists Kenny Chesney and the Rolling Stones, respectively.

34. Plaintiff worked the aforementioned events and discovered that customers were leaving touch-screen tips.

35. On or about June 11, 2024, Plaintiff contacted Defendant's co-owner Philip Baldino via text message asking for an explanation of how Defendant handled touch-screen tipping during events at Lincoln Financial Field.

36. In response, Philip Baldino explained that Defendant was "[n]ot trying to keep tips just another dumb thing to keep track of."

37. Following this interaction, Plaintiff received a call from the wife of Defendant's co-owner Joe Baldino admonishing Plaintiff that his employment would be terminated if he continued to ask about tips.

38. Later that day, on or about June 11, 2024, Mr. Baldino called Plaintiff and informed him that his employment was terminated.

39. Plaintiff's internal complaints regarding Defendant's improper withholding of tips constituted protected activity under the FLSA.

40. It is believed, and therefore averred, that Defendant terminated Plaintiff in retaliation for engaging in protected activity under the FLSA by complaining about Defendant's improper withholding of tips.

41. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings and earnings potential, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to his reputation.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, et seq.
## FAILURE TO PROPERLY PAY WAGES

***Plaintiff and Class Plaintiffs v. Defendant***

42. Plaintiff incorporates the preceding paragraphs as though the same were fully set forth at length herein.

43. Pursuant to Section 203(m)(2)(B) of the FLSA and 29 C.F.R. 531.50, an employer may not keep tips received by its employees for any purposes, including allowing managers and supervisors to keep any portion of employees' tips, regardless of whether the employer takes a tip credit under Section 203(m)(2)(A) of the FLSA.

44. Defendant, in accordance with its policies and practices, withheld tips from Plaintiff and Class Plaintiffs in violation of the FLSA.

45. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

46. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

47. Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs and expenses.

**WHEREFORE**, Plaintiff and Class Plaintiffs pray for the following relief:

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. 216(b).

B. An Order from this Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendant during the preceding three (3) years in the position of Cook and/or in positions with similar job duties, and authorizing Class Plaintiffs' counsel to issue a notice at the earliest possible

time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period and had tips withheld by Defendant in violation of the FLSA;

        C.        Awarding Plaintiff and Class Plaintiffs back pay wages for the withheld tips;

        D.        Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

        E.        Awarding Plaintiffs and Class Plaintiffs reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

        F.        Awarding pre- and post-judgment interest and court costs as further allowed by law;

        G.        Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333, *et seq.*
## FAILURE TO PAY WAGES
*Plaintiff and Class Plaintiffs v. Defendant*

48.        Plaintiff incorporates the preceding paragraphs as though the same were fully set forth at length herein.

49.        Defendant is an employer as defined by the PMWA.

50.        Pursuant to 34 Pa. Code 231.112, an employer may not keep tips received by its employees for any purposes, including allowing managers and supervisors to keep any portion of employees' tips, regardless of whether the employer takes a tip credit under Section 203(m)(2)(A) of the FLSA.

51.        Defendant, in accordance with its policies and practices, withheld tips from Plaintiff and Class Plaintiffs in violation of the PMWA.

52. By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968.

53. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable PMWA provisions.

54. Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages and other equitable relief, pursuant to the PMWA, as well as reasonable attorney's fees, costs and expenses.

**WHEREFORE**, Plaintiff and Class Plaintiffs pray for the following relief:

A. An Order certifying this case as a class action and designating Plaintiff as the class representative of the Class and his counsel as Class Counsel;

B. An award to Plaintiff and Class Plaintiffs for the amount of unpaid tips to which they are entitled, including interest thereon, and penalties subject to proof;

C. An award to Plaintiffs and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D. An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

**COUNT III**
**PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW**
**43 P.S. § 260.1, et seq.**
**FAILURE TO PAY WAGES DUE AND OWING**
*Plaintiff and Class Plaintiffs v. Defendant*

55. Plaintiff incorporates the preceding paragraphs as though the same were fully set forth at length herein.

56. At all times relevant hereto, Plaintiff and Class Plaintiffs are employees entitled to protections under the WPCL.

57. Defendant is an employer covered by the WPCL.

58. Tips are wages as defined by the WPCL in that the WPCL defines wages as all earnings of an employee regardless of whether determined on time, task, piece, commission, or other calculation.

59. The WPCL requires employers to pay all wages due to employees. 43 P.S. 260.3(a).

60. Defendant has violated the WPCL by failing to pay Plaintiff and Class Plaintiffs all wages due, as described above, in that it withheld tips from Plaintiff and Class Plaintiffs.

61. As a direct and proximate result of Defendant's illegal conduct, Plaintiff and Class Plaintiffs have suffered and will continue to suffer harm, and are entitled to all legal and equitable remedies available under the WPCL.

62. Defendants' conduct was intentional, deliberate, willful, and conducted in disregard to the rights of Plaintiff and Class Plaintiffs.

**WHEREFORE**, Plaintiff and Class Plaintiffs pray for the following relief:

a. An order certifying this case as a class action and designating Plaintiff as the class representative of the Class and his counsel as Class Counsel;

b. An award to Plaintiff and Class Plaintiffs for the amount of unpaid tips to which he is entitled, including interest thereon, and penalties subject to proof;

c. Liquidated damages of not less than twenty-five percent (25%) under the WPCL;

d. An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs of this action; and

e. An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## COUNT IV
## FAIR LABOR STANDARDS ACT
## 29 U.S.C § 215, *et seq.*
## <u>RETALIATION</u>
## *<u>Plaintiff, individually v. Defendant</u>*

63. Plaintiff incorporates the preceding paragraphs as though the same were fully set forth at length herein.

64. Plaintiff engaged in protected activity under the FLSA when he complained of practices prohibited by the FLSA to Defendant's owner Philip Baldino.

65. Shortly thereafter, Defendant retaliated against Plaintiff by terminating his employment.

66. By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the FLSA by discharging Plaintiff in retaliation for engaging in protected activity under the FLSA.

67. As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays for the following relief:

A. Back wages and front pay in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000);

B. Liquidated damages in accordance with the FLSA;

C. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

D. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

F. Pre-judgment interest in an appropriate amount;

G. Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: /s/ *Johannes Hoffman*
Johannes Hoffman, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
jhoffman@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: August 26, 2024

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.